IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JEANINE ENLOE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:18-cv-00603-P-BP |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, AS TRUSTEE, *ET AL.*, § | |
| § | |
| Defendants. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This foreclosure-related case was referred to the undersigned for pretrial management by Order entered on August 10, 2018. ECF No. 8. Before the Court is Defendants' Motion for Summary Judgment and Brief in Support, ECF No. 35, filed April 17, 2019; Plaintiff's Response, ECF No. 45, and Appendix, ECF No. 46, filed May 29, 2019, and Brief in Support, ECF No. 47, filed May 30, 2019; and Defendants' Reply, ECF No. 53, filed June 13, 2019. Also pending are Plaintiff's Motion for Abstention and Brief in Support, ECF No. 41, filed May 22, 2019; Defendants' Response, ECF No. 52, filed June 12, 2019; and Plaintiff's Reply, ECF No. 53, filed June 26, 2019.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motion for Summary Judgment, ECF No. 35; **DISMISS** Plaintiff's First Amended Complaint **WITH PREJUDICE**; **ORDER** that Defendants may foreclose the lien on the property at issue as to Plaintiff, and **DENY** Plaintiff's Motion for Abstention, ECF No. 41.

I. **BACKGROUND**

Plaintiff Jeanine Enloe ("Enloe") sued Defendant Deutsche Bank National Trust Company, as Trustee ("Trustee") and Select Portfolio Servicing, Inc. "("SPS") (collectively referred to as "Defendants") in County Court at Law Number 3 of Tarrant County, Texas, seeking a declaratory judgment that the lien on real property located at 8001 Storie Road, Arlington, Texas 76001 (the "Property") had been extinguished by the expiration of the statute of limitations and for damages allegedly resulting from violations of the Texas Debt Collection Act ("TDCA") and Texas Deceptive Trade Practices Act ("DTPA"). ECF No. 1-4. She also requested injunctive relief to prevent the Trustee's foreclosure of its security interest in the Property. *Id.* On July 25, 2018, Defendants removed the case to this Court based on diversity jurisdiction. ECF No. 1. Enloe sought leave to file an amended complaint by motion filed on May 22, 2019. ECF No. 43. The proposed amended complaint did not add any additional causes of action. *See* ECF No. 43-1. By Order entered this date, the undersigned granted Enloe's Motion for Leave to Amend and hereby deems Defendants' Motion for Summary Judgment filed as to address the First Amended Complaint.

On November 22, 2004, Enloe and her husband Larry Enloe ("Mr. Enloe") (collectively "the Enloes") executed a home equity note in the principal amount of $92,000.00 made payable to Long Beach Mortgage Company and its assigns. ECF No. 35 at 4-8. The loan was to be paid in monthly installments beginning January 1, 2005 and continuing until paid off or until December 1, 2034. *Id.* at 4. Enloe and Mr. Enloe both signed a deed of trust that granted a security interest in the Property to secure repayment of the note. *Id.* at 9-20. They signed a Texas Home Equity Affidavit and Agreement as well. *Id.* at 21-26. Trustee is the mortgagee and the holder of the home equity note, and SPS is the attorney-in-fact and mortgage servicer for the note and deed of trust. *Id.* at 27-28, 95-104.

The Enloes stopped making installment payments due under the note beginning with the payment due on March 1, 2008, and no payments have been made since. *Id.* at 3, ¶ 12. On July 25, 2008, Mr. Enloe died. ECF No. 47 at 8.

On April 20, 2010, notices of default were sent to the Enloes, informing them of their right to reinstate the mortgage by paying the mortgage arrearages. ECF No. 35-1 at 29-34. Another notice of default was mailed to them on July 2, 2013. ECF No. 35-1 at 35-44. On February 27, 2017, prior to an attempted foreclosure sale, notice of acceleration was sent to Enloe. ECF No. 35-1 at 45-49. Enloe alleges that notices of acceleration were sent "prior to July 3, 2008" and on April 20, 2010. ECF No. 43-1 at 7, ¶¶ 35-36. However, the summary judgment evidence contained in Enloe's Appendix in support of her Response reflects that notices of acceleration were not given on those dates, but were sent to Mr. Enloe's estate on November 7, 2016, and to Mr. Enloe's estate and Enloe on February 27, 2017. ECF No. 46 at 248-49 and 250-53.

The summary judgment evidence reflects that Trustee, directly or by its agent SPS, filed four actions for foreclosure involving the Property in the state district courts of Tarrant County, Texas. On or about July 3, 2008, Trustee filed an Application for Order for Foreclosure in the 153rd Judicial District Court. ECF No. 46 at 29. The state court entered its Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale on August 26, 2008. *Id.* at 30-32. The respondents named in that order were Mr. Enloe, Enloe, and the Property. *Id.* No party appealed. *Id.* at 4, ¶ 2. On February 23, 2009, Trustee filed an Original Petition for Foreclosure in the 67th Judicial District Court. *Id.* at 33-61. Named as defendants in that case were Enloe and the unknown heirs of Mr. Enloe. *Id.* That case was dismissed. *Id.* at 5, ¶ 3.

On June 10, 2010, Trustee filed an Original Petition for Foreclosure in the 141st Judicial District Court against Enloe, the United States of America, and the unknown heirs of Mr. Enloe.

3

*Id.* at 63-124. The court entered its Final Judgment *In Rem Only* with Home Equity Foreclosure Order on February 17, 2012. *Id.* at 190-96. That judgment never was appealed, but the Court vacated it by a later Final Judgment signed on April 12, 2017. *Id.* at 5, ¶ 4, and 263-64. On July 30, 2014, SPS, as agent for Trustee, filed an Original Petition against Mr. Enloe, Enloe, and the known and unknown heirs of Mr. Enloe in the 348th District Court seeking a declaratory judgment to enforce its statutory lien, to conduct non-judicial foreclosure under the loan documents and Tex. R. Civ. P. 735, to quiet title and remove cloud on title, and to recover attorney's fees. *Id.* at 197-237. The case was dismissed. *Id.* at 5, ¶ 5.

Defendants filed their Motion for Summary Judgment and supporting materials on April 17, 2019. ECF No. 35. The supporting evidence contains the affidavit of Daniel Maynes, a Document Control Officer with SPS, which authenticates and explains the note, deed of trust, notice of default, notice of acceleration, and the history of payments on the note. *Id.* Also included are a copy of the note, security instrument, home equity affidavit, assignment, notice of default, and notice of acceleration; limited power of attorney in favor of SPS, payment history, payoff statement, judgment dated April 12, 2017, and non-military affidavit. *Id.*

Enloe filed a Response and supporting evidence in an appendix on May 29, 2019. ECF Nos. 45, 46. The appendix contains Enloe's affidavit; a copy of Trustee's July 3, 2008 petition, August 26, 2008 judgment, February 23, 2009 petition, June 10, 2010 petition, May 16, 2011 amended petition, February 17, 2012 judgment, and July 30, 2014 petition. Also included were copies of SPS's correspondence to the Enloes; a notice addressed to Mr. Enloe's estate and Enloe; notices of acceleration addressed to the Enloes; notice of sale; final judgment vacating February 17, 2012 judgment; and declaration of JoAnn H. Means, Esq., which addresses Enloe's heirship determination claim. ECF No. 46. Defendants filed a Reply on June 13, 2019. ECF No. 53.

Defendants seek summary judgment arguing that their right to foreclose on the Property has not been lost under the statute of limitations. Specifically, they argue that they legally abandoned acceleration by sending a notice of default within the limitations period. They also argue that Enloe's claim alleging violations of the TDCA fail because she has not presented any evidence that Defendants committed any wrongful act or that she was damaged as a result of any violation by Defendants. They contend that Enloe cannot prevail on her DTPA claim because she does not have standing to sue under the DTPA. Defendants argue that Enloe's claim for injunctive relief likewise fails. Finally, Trustee seeks an order authorizing foreclosure of its security interest in the Property and declaring its right to do so.

In her Response, Enloe argues that Defendants' lien has been extinguished by the statute of limitations because more than four years elapsed after they were authorized to foreclose on the Property and failed to do so. She alleges that Defendants violated the TDCA and DTPA by attempting to collect an extinguished debt and by sending letters to Mr. Enloe after he died and his estate when no estate existed. She claims that she is entitled to injunctive relief to prevent such debt collection activities from continuing. She asserts finally that Defendants cannot foreclose on the Property, and even if they could, they have not filed a proper heirship determination proceeding to exercise that right.

## II.   LEGAL STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996). The citations to evidence must be specific, and "a party must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rules of the Northern District of Texas 56.5(c).

### III. OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE

In her Response to Defendants' Motion for Summary Judgment, Enloe objects to certain portions of the Affidavit of Daniel Maynes of SPS, stating that Maynes was either incompetent to testify to the facts asserted or did not have personal knowledge of them. ECF No. 47 at 13-15. The Court overrules Enloe's objections. Maynes is the custodian of the loan records referred to in his affidavit, ECF No. 35-1, and they are admissible as business records. Fed. R. Evid. 803(6).

6

Maynes's affidavit is based on his personal knowledge of the loan records maintained by SPS over which he had access. *See* ECF No. 35-1. This is sufficient for a business record affidavit. *Fed. Sav. & Loan Ins. Corp. v. Griffin*, 935 F.2d 691, 702 (5th Cir. 1991). Enloe's remaining arguments go to the weight to be given to the documents attached to Mr. Maynes's affidavit and not to their admissibility as summary judgment evidence.

In their Reply, Defendants object to certain exhibits offered by Enloe in support of her Response because they have not been authenticated pursuant to Fed. R. Evid. 901 and are hearsay. ECF No. 53 at 2-3. The undersigned finds that Enloe's exhibits to which Defendants object are not inadmissible evidence for summary judgment purposes under Federal Rule of Civil Procedure 56. All that is required at this point is that the documents offered could be presented in a form that would be admissible in evidence at trial. Fed. R. Civ. P. 56(c)(2); *Maurer v. Independence Town*, 870 F.3d 380, 383 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form."). Because it appears that Enloe could present the exhibits in admissible form, and Defendants have not shown otherwise, Defendants' objections are overruled.

Defendants also object to certain portions of the Affidavit of Enloe as conclusory and speculative. ECF No. 53 at 3. The Court sustains these objections. The last sentences in each of paragraphs 6 through 10 of Enloe's affidavit are speculative and conclusory. ECF No. 46 at 5-6. Enloe provides no factual basis for her statements regarding what Defendants should know and why they may have taken certain actions. In the sentence immediately preceding those sentences in each paragraph, Enloe stated, "I have no idea why anyone would send a letter to an estate in the name [of] my husband." Likewise, her statements in the last sentence of each paragraph as to what Defendants "should know" or "the only reason to do this" are mere conjecture on her part, show

no personal knowledge, and are purely her opinions.

## IV. ANALYSIS

### A. Enloe's limitations claim fails because Defendants rescinded their notices of acceleration before the four-year limitations period expired.

Enloe contends in her First Amended Complaint that the payment obligation under the home equity note and deed of trust was accelerated either "prior to July 3, 2008" or on April 20, 2010 and that the statute of limitations for Trustee to foreclose expired four years later. ECF No. 43-1 at 7 and 6. Enloe states that "at no time after [these dates] was there a rescission of the acceleration, nor were any actions taken which could alter" the "Final Judgment[s] of the Court[s]" on August 26, 2008 or February 17, 2012. *Id.* at 7, ¶¶ 35-36. Enloe argues that since Defendants did not foreclose the lien on the Property within four years of those acceleration dates and the dates of the court orders, Defendants have waived their right to foreclose.

For effective acceleration to occur, the holder must send both a notice of intent to accelerate and a notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). The first notice of acceleration addressed to Mr. Enloe was sent on November 7, 2016, and a second notice of acceleration addressed to Mr. Enloe and Enloe followed on February 27, 2017. ECF No. 46 at 248-253. There is no summary judgment evidence of another notice of acceleration sent by Defendants. Because more than four years have not passed since those dates, Enloe's limitations claim fails.

Even assuming notices of acceleration were sent "prior to July 3, 2008" and on April 20, 2010, Enloe's argument fails because any such acceleration was legally abandoned prior to the expiration of the four-year limitations period following those dates. At the outset, the Court notes that if notice of acceleration was given "prior to July 3, 2008" as alleged by Enloe, it would have been sent sometime after the Enloes stopped making payments on the note in March 2008. When

8

acceleration of a loan is abandoned, the running of the limitations period is also abandoned, and the note holder is not required to foreclose within four years from the date of the acceleration. *Misczak v. Deutsche Bank Nat'l Tr. Co.*, No. 4:15-CV-381-O, 2016 WL 3647658, at *2 (N.D. Tex. Feb. 12, 2016) (citing *Stewart v. U.S. Bank Nat. Ass'n*, 107 F. Supp. 3d 705, 708 (S.D. Tex. 2015)). "Parties may abandon the acceleration by agreement or by actions." *Id.* (citing *Clawson v. GMAC Mortg., LLC*, No. 3:12-cv-0212, 2013 WL 1948128, at *3 (S.D. Tex. May 9, 2013). A note holder is entitled to unilaterally abandon acceleration. *Id.* (citing *Leonard v. Ocwen Loan Servicing, L.L.C.*, 616 F. App'x 677, 680 (5th Cir. 2015); *Rivera v. Bank of Am., N.A.*, 607 F. App'x 358, 361 (5th Cir. 2015)).

The lienholder, servicer of the debt, or an attorney representing the lienholder can rescind or waive acceleration by written notice. Tex. Civ. Prac. & Rem. Code § 16.038(b) (2020); *see also, e.g., Nunnery v. Ocwen Loan Servicing, L.L.C.*, 641 F. App'x 430, 433 (5th Cir. 2016) (citing *Boren v. U.S. Nat. Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015)) ("A lender unilaterally abandons acceleration of a note 'by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms.'"). If "the accelerated maturity date is rescinded or waived in accordance with this section before the limitations period expires, the acceleration is deemed rescinded and waived and the note, obligation, or series of notes or obligations shall be governed by Section 16.035 as if no acceleration had occurred." Tex. Civ. Prac. & Rem. Code § 16.038(a) (2020).

The summary judgment evidence proves that notices of default were sent to the Enloes, informing them of their right to reinstate the mortgage by paying the mortgage arrearages, on April 20, 2010 and July 2, 2013. ECF No. 35-1 at 29-34 and 35-39. These notices were sent within four

years of the notices of acceleration alleged by Enloe. Defendants could unilaterally rescind acceleration in this manner, making it as if no acceleration had occurred, and allowing Trustee to accelerate the note and foreclose on the Property at a later time without being barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.038; *Boren*, 807 F.3d at 104 (holding that a notice of default affording borrower the right to cure mortgage arrearages that was sent within the four-year period following acceleration constitutes abandonment of acceleration for purposes of a statute of limitations analysis). Since the alleged 2008 or April 20, 2010 acceleration would have been abandoned by the July 2, 2013 notice of default, Enloe's claims predicated upon those notices of acceleration and the statute of limitations fail.

Enloe provides no authority to support her argument that the statute of limitations contained in section 16.038 of the Texas Civil Practice and Remedies Code required Defendants to actually foreclose the lien on the Property within four years after the state courts authorized foreclosure in the August 26, 2008 and February 17, 2012 orders. Nor has the Court located any such authority. The Court further notes that any arguments that Enloe might offer as to the effect of the February 17, 2012 order are without merit since the state court vacated that order by a Final Judgment signed on April 12, 2017. *See* ECF Nos. 35-2, 46 at 263-64. Under Texas law, "[a] judgment that has been vacated has no legal effect" and "the matter stands precisely as if there had been no judgment." *Pringle v. Moon,* 158 S.W.3d 607, 610 (Tex. App.—Fort Worth 2005, no pet.). Moreover, the date of an order authorizing foreclosure is not the accrual date for purposes of the statute of limitations. "The foreclosure cause of action accrues only when the holder actually exercises its acceleration option." *Curry v. Ocwen Loan Servicing LLC*, C.A. No. H-15-3089, 2016 WL 3920375 (S.D. Tex. July 14, 2016) (citing *Holy Cross Church*, 44 S.W.3d at 567; *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 352 (Tex. App.—Houston [1st Dist.] 2012, no pet.) ("If a note secured by a real

property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated.")). That acceleration occurs when the secured party gives notice of its intent to accelerate and notice of acceleration. *Holy Cross Church*, 44 S.W.3d at 567. Accordingly, Enloe has failed to show there is a triable issue of fact related to her limitations claim, and Defendant's Motion for Summary Judgment should be granted on this point.

      **B.**      **Enloe's heirship determination claim fails because such determination does not affect Trustee's right to foreclose the lien as to Enloe.**

Enloe argues in her Response that Trustee cannot foreclose its lien because Defendants have not pursued a proper heirship proceeding in state court. ECF No. 45 at 8-10. Defendants argue to the contrary that Mr. Enloe's heirship was determined by the Final Judgment entered on February 17, 2012 by the 141st Judicial District Court of Tarrant County, Texas. ECF No. 53 at 7. Defendants' argument is unavailing because the 141st Judicial District Court vacated that judgment by a later Final Judgment as noted above. Even so, the Court does not view Defendants' Motion for Summary Judgment as praying for a determination of heirship, and Trustee is under no obligation to seek a determination of heirship in this proceeding to be able to foreclose its lien on the Property as to Enloe. In their Motion, Defendants ask that Enloe's "claims be dismissed with prejudice," that "Trustee obtain judgment authorizing and declaring its right to foreclose on the Property," and for general relief. ECF No. 35 at 20-21. The Court need not decide any issues concerning heirship here. Accordingly, Enloe has not shown that there exists a triable issue of fact on her heirship determination claim as a defense to Defendants' Motion for Summary Judgment.

      **C.**      **Enloe has not shown that there is a genuine issue for trial on her TDCA claim.**

To state a claim under the TDCA, Enloe must show: (1) the debt is a consumer debt; (2) Defendants are debt collectors within the meaning of the TDCA; (3) Defendants committed a

11

wrongful act in violation of the TDCA; (4) the wrongful act was committed against Enloe; and (5) Enloe was injured as a result of Defendants' wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). "The [TDCA] prohibits debt collectors from using wrongful practices in the collection of consumer debts." *Seeberger v. Bank of America, N.A.*, No. EP-11-CV-00278-DCG, 2013 WL 12293485 (W.D. Tex. Jan. 9, 2013) (citing *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986) ("[T[]he Legislature passed the [TDCA] to prevent creditors from preying upon a consumer's fears and ignorance of the law to pursue allegedly delinquent debts.").

Enloe alleges that Defendants violated the TDCA by attempting "to collect a debt by threats or coercion in violation of Tex. Fin. Code. Ann. § 392.301 by threatening to take an action (or taking an action) prohibited by law, in violation of Tex. Fin. Code Ann. § 392.301(a)(8)." ECF No. 43-1 at 7. She also alleges that "Defendants attempted to collect a debt by oppression, harassment or abuse in violation of Tex. Fin. Code. Ann. § 392.302(1) by using language intended to abuse unreasonably the reader." *Id.* Enloe also claims that Defendants "attempted to collect a debt through fraudulent, deceptive or misleading representations" in violation of Tex. Fin. Code Ann. §§ 392.304(a)(8) and 392.304(a)(19).

However, there is no evidence to support a conclusion that Defendants committed any wrongful act by using language that would unreasonably abuse Enloe or that Enloe was injured as a result of any violation by Defendants. Citing Tex. Fin. Code § 392.302(1), Enloe argues in her Response that Defendants violated the act by attempting to collect a debt that was legally extinguished and by sending letters addressed to Mr. Enloe after he had died and to his estate even though no estate ever existed. ECF No. 47 at 11. Enloe testified that receiving such a letter caused her to be "upset" and to "to bite [her] fingers." *Id.* She stated that she felt "like it accelerates [her]

fibromyalgia," that the "effects linger for the next several hours," that her "stomach gets upset and [she] can't eat," and that " [s]ometimes [she] has diarrhea." She argues that "[t]his is language intended to abuse the reader of that language" in violation of Tex. Fin. Code § 392.302(1). *Id.*

The undersigned finds no support or evidence for Enloe's claim that Defendants' letters to Mr. Enloe or to his estate contained language in violation of the Texas Finance Code. Further, the undersigned concludes that Enloe's claim that Defendants violated the TDCA by mentioning Mr. Enloe's name on a notice "as though he were still alive" and sending letters to Mr. Enloe's estate when no estate existed is without merit.

Enloe fails to provide any summary evidence to establish that Defendants' statements included any misleading representations about the character, extent, or amount of the loan. Tex. Fin. Code § 392.304(a)(8) (2010). To violate the TDCA, Defendants must have made an affirmative statement that was false or misleading. *See Kruse v. Bank of New York Mellon*, 936 F. Supp. 2d 790, 792 (N.D. Tex. 2013). Enloe contends that Defendants' claim that money was due under the note was a misrepresentation because she did not owe any debt as the debt was extinguished by the passage of limitations. However, because Enloe's limitations claim is without merit, Defendants were entitled to seek payments due under the note from Enloe. Accordingly, Enloe fails to show that Defendants engaged in any misrepresentation under the TDCA.

Defendants also argue that Enloe has submitted no evidence that she was damaged as a result of any allegedly wrongful conduct by Defendants. The evidence cited above concerning the effect of receiving letters addressed to her deceased husband and his estate do not raise an issue for trial on the question of whether the correspondence was intended to abuse Enloe as the reader. The correspondence from Defendants cited previously and contained in the summary judgment record did not rise to this level. Defendants were well within their rights to demand payment of

the note from those who made the note and were required by law and the loan documents at issue to notify those who made the note. Likewise, they were able to provide notice of acceleration to those parties. Enloe has offered no evidence that she requested that her husband's name be taken off the Defendants' contact list or that she asked that they not address correspondence to Mr. Enloe's estate. And although mental anguish damages may be recovered under the TDCA, *see Brown*, 718 S.W.2d at 680, Enloe's statements regarding the effects of receiving such correspondence from Defendants is not sufficient to show a serious upset of her daily life such as would support an award of actual damages. Moreover, she failed to offer any evidence that Defendants' actions were willful, wanton, and malicious as would be required to recover exemplary damages. Therefore, Enloe has failed to show there is a triable issue of fact related to damages under the TDCA. Because Enloe has failed to present any specific evidence in the record to show that there is a genuine issue for trial on her TDCA claim, Defendants' Motion for Summary Judgment should be granted on that claim.

> **D.** **Enloe's DTPA claim fails as a matter of law and because she is not a consumer under the DTPA.**

Enloe seeks relief under the DTPA's tie-in provision for Defendants' alleged violations of the TDCA. ECF No. 43-1 at 8-9. Enloe does not provide an independent basis for her DTPA claim. *See id.* Having already concluded that Enloe's TDCA claims fail as a matter of law, Enloe's DTPA claim likewise fails. Nevertheless, the undersigned will address Defendants' argument that they are entitled to summary judgment on Enloe's DTPA claim because she is not a "consumer" under the DTPA.

To be entitled to recover under the DTPA, Enloe must demonstrate that "(1) [she] is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Doe v. Boys Clubs of Greater Dall.,*

14

*Inc.*, 907 S.W.2d 472, 478 (Tex. 1995) (citing Tex. Bus. & Com. Code Ann. § 17.50(a)(1)); *see also Marketic v. U.S. Bank Nat'l Ass'n*, 436 F. Supp. 2d 842, 854-55 (N.D. Tex. 2006) (holding that a plaintiff must qualify as a "consumer" even if seeking to recover for TDCA violations through the DTPA tie-in provision). The DTPA defines "consumer" as an individual "who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code Ann. § 17.45(4) (2020). "Whether or not a plaintiff is a 'consumer' under the DTPA is a question of law to be determined by the trial court." *Norwest Mortg., Inc. v. Salinas*, 999 S.W.2d 846, 854 (Tex. App.–Corpus Christi 1999, no pet.). Generally, a pure loan transaction lies outside the DTPA because "money is neither a good nor service." *Walker v. FDIC*, 970 F.2d 114, 123 (5th Cir. 1992) (citing *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980)). As the factual basis of Enloe's DTPA claim does not involve the purchase of a good or service, Enloe is not a consumer under the DTPA as to the Defendants. Accordingly, Defendants' Motion for Summary Judgment as to Enloe's DTPA claim should be granted.

### E. Enloe's request for injunctive relief should be dismissed with the underlying cause of action.

"[A]n injunction is a remedy that must be supported by an underlying cause of action...." *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015) (per curiam). The undersigned's recommendation that Defendants' Motion be granted and Enloe's First Amended Complaint be dismissed with prejudice also should result in dismissal of her claim for injunctive relief. Accordingly, Enloe's claim for injunctive relief should be denied.

### F. Enloe has failed to offer any summary judgment evidence of damages.

Defendants argue that Enloe has failed to offer any evidence of damages. ECF No. 35. In response, Enloe argues that her affidavit supports an award of damages and that she also is entitled to recover her attorney's fees and costs for a successful action to recover actual damages or an

15

injunction under the TDCA. ECF No. 47 at 17. As already has been noted, Defendants are entitled to summary judgment on Enloe's claims as a matter of law. The Court further finds that she has not produced sufficient summary judgment evidence to support a claim for damages, attorney's fees, or costs, and Defendants' Motion for Summary Judgment on this point likewise should be granted.

### G. Defendants may foreclose their lien on the Property as to Enloe.

To be entitled to foreclose on the Property, Trustee must show that a debt exists that is secured by a lien on the Property created under article XVI, section 50(a)(6) of the Texas Constitution, that the debtor is in default under the note and security instrument, and that Trustee has properly notified the debtor of default and acceleration. Tex. Prop. Code § 51.002 (2020). The summary judgment evidence proves each of the required elements. *See* ECF No. 35-1. Trustee has established its right to foreclose by assignment and as holder of the note. *Id.* at 1-28. Enloe is in default of her obligations to pay the note, notice of default was provided to her on July 2, 2013 while she was in default, and the note was accelerated on February 27, 2017. *Id.* at 1-3 and 34-94. Additionally, Trustee has proven that Enloe is not presently on active duty in any branch of the military. ECF No. 35-3.

Enloe has provided no legally sufficient responsive evidence or argument to defeat Trustee's right to foreclose its lien on the Property as to her. She has offered no summary judgment evidence to defeat Defendants' right to foreclose its lien. Her only responses are arguments that the lien has been extinguished under the statute of limitations and even if it were not, Defendants cannot foreclose without first securing a determination of heirship. As shown above, neither argument prevails. Accordingly, Defendants' Motion for Summary Judgment should be granted as to their request for an order permitting foreclosure of the lien on the Property as to Enloe.

## H. Enloe's Motion for Abstention should be denied.

Enloe asserts in her Motion for Abstention that the Court should find that the "probate exception" to federal jurisdiction applies to this case, or, alternatively, should abstain since a state court with probate jurisdiction must make an heirship determination before Defendants may proceed further. ECF No. 41 at 7. Defendants argue that the Court has jurisdiction over the case, the probate exception does not apply, and that the case "essentially involves competing declaratory judgment claims and Trustee's additional claims seeking an order permitting foreclosure, quiet title or in the alternative equitable subrogation." ECF No. 52 at 3. Defendants argue further that heirship already has been determined in state court in the 141st Judicial District Court's Final Judgment entered February 17, 2012. *Id.* at 2.

As now has been noted three times, the February 17, 2012 Final Judgment was vacated, and Defendants' continued reliance on that judgment is misplaced. Nevertheless, Enloe's request for abstention and remand because of the probate exception to federal jurisdiction likewise is misguided. In *Marshall v. Marshall*, 547 U.S. 293, 312 (2006), the Supreme Court found that the exception did not apply where "[the claimant] seeks an *in personam* judgment against [the Defendant], not the probate or annulment of a will. Nor does she seek to reach a *res* in custody of a state court." As the Fifth Circuit has written, "[a]fter *Marshall*, the probate exception only bars a federal district court from (1) probating or annulling a will or (2) 'seek[ing] to reach a *res* in custody of a state court' by 'endeavoring to dispose of [such] property.'" *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). Neither prohibited action is at issue here. Neither party seeks the probate or annulment of a will, and the Property is not "in the custody of a state court." Enloe pleads in the alternative that the Court should abstain because important issues of state law are implicated by Defendants' Counterclaim. The undersigned does not so find. Enloe commenced

17

this action here. The issues presented in Defendants' pleadings are straightforward and are not excepted from the Court's jurisdiction by the probate exception. Enloe has presented no compelling reasons why the Court should not exercise its jurisdiction and hasten the end of protracted litigation between the parties that has spanned years and years in numerous courts. Accordingly, the Court has jurisdiction of the claims raised in the pleadings in the case, and Judge Pittman should deny Enloe's Motion to Abstain.

## V.     CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendant's Motion for Summary Judgment, ECF No. 35; **DISMISS** Plaintiff's First Amended Complaint **with prejudice**; **ORDER** that Defendants may foreclose their lien on the property at issue as to Plaintiff; and **DENY** Plaintiff's Motion for Abstention, ECF No. 41.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

      Signed January 29, 2020.

                                                _____
                                                Hal R. Ray, Jr.
                                                UNITED STATES MAGISTRATE JUDGE